[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14153
Non-Argument Calendar
_____

D.C. Docket No. 4:99-cr-00017-RH-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX RANDELL,
a.k.a. John Hayes,
a.k.a. Big Ace,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 21, 2018)

Before MARCUS, ROSENBAUM and FAY, Circuit Judges.

PER CURIAM:

Alex Randell, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. We affirm.

## I. BACKGROUND

In 1999, a jury convicted Randell of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count One), and one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two). Under the Sentencing Guidelines, specifically U.S.S.G. § 2D1.1, Randell's base offense level was 34. However, because Randell was found to be a career offender based on his present felony controlled substance conviction and his previous felony convictions for trafficking in cocaine, sale of cocaine, and possession of cocaine with intent to sell, he had an adjusted total offense level of 37. Based on a total offense level of 37 and a criminal history category of VI, the guideline imprisonment range was 360 months to life. Nonetheless, because the statutory minimum mandatory sentence enhancement of life, pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851, was greater than the minimum guideline term, the guideline sentence became life. *See* U.S.S.G. § 5G1.1(c)(2). Accordingly, the district court sentenced Randell to life imprisonment as to Counts One and Two, to run concurrently.

In January 2017, President Obama granted an executive order of clemency and reduced Randell's sentence to 360 months of imprisonment. In August 2017,

Randell filed an 18 U.S.C. § 3582(c)(2) motion, arguing the district court should retroactively apply the Sentencing Guidelines pursuant to Amendments 706, 750, and 782. He argued that the district court had the authority to reduce his non-guideline-range sentence after President Obama had reduced his sentence. Although the executive clemency order was not listed in the docket, Randell attached an affidavit from an attorney at the Department of Justice certifying that President Obama had granted executive clemency to Randell.

Following the government's response, the district court denied Randell's motion, noting that the President's order reducing Randell's sentence did not affect his guideline range or make Amendments 706, 750, and 782 applicable. The court found that the amendments did not reduce the mandatory minimum sentence. Further, the court found that, even absent the mandatory minimum sentence, Randell was not eligible for a reduction because he was a career offender.

Randell subsequently replied to the government's response to his reduction-of-sentence motion. He argued that, because he now had a non-guideline sentence, the district court could exercise its discretion and reduce his sentence. The district court deemed the motion to reply as a motion to alter or amend its judgment and denied it. On appeal, Randell argues that, following the President's commutation of his statutory mandatory minimum life sentence, he became eligible for a further sentence reduction based on the type and amount of drugs that his crime involved.

## II. DISCUSSION

We review de novo the district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013). A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be consistent with the Sentencing Commission's policy statements. *Id.* A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his Guidelines range that was calculated by the sentencing court prior to any departure or variance. U.S.S.G. § 1B1.10 cmt. n.1(A). A reduction is not authorized when a statutory provision, such as a mandatory minimum sentence, causes an applicable amendment not to lower the Guidelines range. *Id.*

When the district court considers a § 3582(c)(2) motion, it first must recalculate the Guidelines range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). When recalculating the Guidelines range, it can only substitute the amended guideline and must keep intact all other Sentencing Guidelines decisions made during the original sentencing. *Id.* The district court next considers the 18 U.S.C. § 3553(a) factors. *Id.* at 781. However,

4

if a defendant is not affected by an amendment, the court need not consider the § 3553(a) factors.  *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009).

Amendment 706 reduced by two levels the base offense levels in U.S.S.G. § 2D1.1 applicable to crack cocaine offenses.  *See* U.S.S.G. app. C, amend. 706. Amendment 750, in relevant part, reduced the base offense level applicable to offenses involving certain amounts of crack cocaine.  *See* U.S.S.G. app. C., amend. 750.  Amendment 782 reduced by two levels the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. app. C, amend. 782.  Section 1B1.10(d) of the Sentencing Guidelines lists Amendments 706, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).  *See* U.S.S.G. § 1B1.10(d).

"The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum."  *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010).  A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable Guidelines amendment reduces his base offense level but does not alter the Guidelines range upon which his sentence was based.  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).  When a drug offender such as Randell is

5

sentenced under the career-offender guideline in U.S.S.G. § 4B1.1, the Guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. *See United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). Because an amendment to § 2D1.1 does not affect a career offender's Guidelines range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. *Id.* (affirming the denial of a sentence reduction under Amendment 750 to the Sentencing Guidelines).

Amendments 706, 750, and 782 did not affect Randell's Guidelines range because he originally was sentenced to a statutory mandatory minimum life sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. Although the amendments would reduce Randell's base offense level if it were calculated based on drug weight, it would not alter the Guidelines-range minimum because the Guidelines range still would be based on the statutory mandatory minimum sentence. *See Mills*, 613 F.3d at 1077-78. Further, the amendments did not affect his Guidelines range because, absent the mandatory minimum, Randell's total offense level and Guidelines range would have been determined by the career offender guideline in § 4B1.1, not § 2D1.1. S*ee Lawson*, 686 F.3d at 1321. Accordingly, the district court did not err in concluding that Randell was ineligible for a sentence reduction pursuant to § 3582(c)(2) and Amendments 706, 752, and 782; it therefore did not need to consider the § 3553(a) factors. *See Webb*, 565

6

F.3d at 793.  Additionally, Randell's presidential-commuted sentence did not affect his Guidelines range.

**AFFIRMED.**